**PULLMAN CO. et al. (WEST et al., Intervenors) v. RAILROAD COMMISSION OF TEXAS et al. (CUNNINGHAM et al., Intervenors).**

**No. 38 Civ. A.**

District Court, W. D. Texas, Austin Division.

April 3, 1940.

676

Black, Graves & Stayton, and Claude Pollard, all of Austin, Tex., for plaintiffs.

Ireland Graves, of Austin, Tex., for intervenor-plaintiffs.

Gerald C. Mann, Atty. Gen., of Texas, Cecil C. Rotsch, Glenn R. Lewis, and Lee Shoptaw, Asst. Attys. Gen., of Texas, for defendants.

Cecil A. Morgan, of Fort Worth, Tex., for intervenor-defendants.

Before SIBLEY, Circuit Judge, and Mc-MILLAN and ALLRED, District Judges.

PER CURIAM.

The Pullman Company and a large number of Railway Companies operating in Texas and Trustees in charge of Railways operating in Texas bring this suit against the Railroad Commission of Texas, the various members thereof and the Attorney General, to restrain the enforcement of a certain order made by the Commission on the 4th day of November, 1939.

██ The order purports to be made pursuant to the statutes of the State of Texas and a sum in excess of the jurisdictional amount is shown to be involved. The ground of attack is the unconstitutionality of the order. A temporary restraining order was applied for and granted. Accordingly, a case for three judges, under Section 266 of the Judicial Code, 28 U.S.C.A. § 380, is presented. The case has been tried on its merits by a court so organized.

Upon the trial, without objection on the part of anyone, leave was granted to three Pullman porters and to three Pullman conductors to intervene. The Pullman porters made common cause with the plaintiffs and the Pullman conductors aligned themselves with the defendants.

The order complained of is long and contains some twenty-nine very extensive findings of fact. These are followed by certain recitals labeled as orders and certain decrees with regard to rates which may be charged under certain circumstances by the Railroads and the Pullman Company. However, the gist of the order and the provision which is particularly assailed and which it is manifest it was the prime purpose of the order to put into effect, is as follows: "It is further ordered, adjudged and decreed that no sleeping car shall be operated on any line of railroad in the State of Texas when occupied by passengers holding the proper transportation for the accommodation of such cars, unless such cars are continuously in the charge of an employee or an authorized agent of the firm or corporation owning or operating the same having the rank and position of Pullman conductor."

Plaintiffs make their attack upon a great many grounds. It is unnecessary to mention more than two or three of them. It is first asserted that the order is not within the authority delegated to the Railroad Commission by any statute or law of the State of Texas. It is said, second, that in so far as it purports to relate to transportation rates, it is void for the reason that it was issued without notice of a hearing for such purpose. It is further contended that the order is unjust, arbitrary, unsupported by any basis in fact and, accordingly, confiscatory. Defendants joined issue with plaintiffs upon these matters and evidence was introduced at great length by both sides.

It appears without contradiction that there are some sixteen or seventeen routes in Texas where the Pullman cars, so far as the Pullman Company is concerned, are in charge of a porter. In most cases, this occurs only where the distance traversed is short, and it is invariably true that it occurs only in instances where there is only one Pullman car on the train. The general control of the Pullman car and the passengers therein is lodged in the Railroad conductor. On trains where two or more Pullman cars are being carried contemporaneously, a Pullman conductor is in charge, subject, however, to the train conductor.

██ We are confronted at the outset by the question as to what authority the Railroad Commission has to make the challenged order. The Railroad Commission is a creature of statute. Vernon's Ann. Civ.St.Tex. art. 6444 et seq. It gets no authority by implication or from the common law. It is given the authority by statute to correct abuses, but the Texas courts have been uniform in holding that the abuse must be one defined by law. In Railroad Commission v. H. & T. C. Ry. Co., 90 Tex. 340, at page 352, 38 S.W. 750, 754, the Supreme Court says: "The question, then, arises, What abuses can the railroad commission correct? We think that it must be some abuse which has been defined by the law, and that the commission would not, by

this power, be authorized to enact a law defining what is an abuse or a disregard of duty on the part of a railroad corporation."

In State v. Sugarland Ry. Co., Tex.Civ. App., 163 S.W. 1047, 1049, writ refused, the Court said: "The Commission is a creature of the statute, based upon constitutional provision for the establishment of an agency in this state, with such powers as may be deemed adequate and advisable. Section 2, art. 10, Const. of Texas [Vernon's Ann.St.]. Being a creature of statute, with such powers only as the Legislature deemed adequate and advisable, it could deraign no authority by implication or from the common law. See Railroad Commission v. G., H. & S. A. Ry. Co., 51 Tex.Civ.App. 447, 112 S.W. [345] 353. An order of the Commission, to be valid, must be based upon some express provision or delegation of power made by statute. R. R. Com. v. G., H. & S. A. Ry., supra; I. & G. N. R. R. Co. v. R. R. Com., 99 Tex. 332, 89 S.W. 961. We think that, before the appellee could claim the protection of such order, it must be able to put its finger upon the statute conferring upon the Commission the authority to make the same, which has not been done." See also State v. St. Louis S. W. Ry. Co., Tex.Civ.App., 165 S. W. 491.

There is no Texas statute which forbids the operation of a train carrying a Pullman car without a Pullman conductor, nor is there any statute that defines such action as an abuse. The Legislature has fixed the necessary members of a train crew and a Pullman conductor is not included. Article 6380, Vernon's Annotated Texas Civil Statutes. Defendants do not deny the correctness of the law as set out in the decisions quoted from. In fact they state, upon page 13 of their brief, that they concur in those views. Being called upon to put their finger upon the statute which authorizes the making of an order of this kind, they point to Article 6474. That Article does not denounce the transportation of a Pullman car without a Pullman conductor as an abuse, but relates to the matter of unjust discrimination and defines certain things which shall, under its terms, constitute unjust discrimination. It is summarized by defendants in their brief as follows: "A duty is imposed on the railroads not to give any undue or unreasonable preference to any person or locality or subject any traffic to any disad-

vantage whatsoever, and a penalty is prescribed for failing to observe such duty."

We are not of the opinion that the order is sustained by the provisions of this statute. It will be noted that the statute denounces unjust discrimination. The Supreme Court of Texas, in construing Section 2 of Article 10 of the Constitution, Vernon's Ann.St., upon which the statute is based, said, in St. Louis Southwestern Railway Co. v. State of Texas, 113 Tex. 570, at page 579, 261 S.W. 996, at page 999, 33 A.L.R. 367: "But, whatever meaning should be ascribed to the word unjust, two things seem perfectly plain in construing section 2 of article 10 of the Constitution, to wit: First, that all discrimination in passenger fares was not forbidden, but only such as would operate unjustly."

It is certainly not an unjust discrimination to adapt the service to different conditions of traffic. Every train is not required to be the duplicate of every other train in order to avoid unjust discrimination. The record in the case fails to support the contention that there is any unjust discrimination as against the public generally by reason of the fact that on certain trains where only one Pullman car is being handled, the operation, so far as the Pullman Company is concerned, is in charge of a porter, who is subject to the direction and control of the train conductor. However, without regard to these matters, the order cannot be upheld as a correction of an unjust discrimination, because it is not within the legislative definition of that term and the Commission is without power to make one of its own.

As we have heretofore noted, it cannot stand as a correction of an abuse, because the so-called abuse has not been defined or prohibited by law.

The regulation cannot be sustained as a rate order for the reasons, first, it was not made after notice given as required by law, and second, it is apparently predicated upon an attempt upon the part of the Commission to construe and enforce certain contracts between the Railroads and the Pullman Company, which it is without any statutory authority to do. Furthermore, in so far as it attempts to regulate the rates charged by the Pullman Company, it is void, as the Commission has no jurisdiction over the Pullman Company.

The intervenors Pullman conductors have raised on their own account certain

jurisdictional questions, predicated upon the assertion and assumption, in some instances, that plaintiffs are operating their railroads in Texas in violation of the law. If it be conceded that, as intervenors, they have the right to question the propriety of the main proceeding in this fashion, we are still of the opinion that their contention is without merit and should be overruled.

The views which have been expressed make it unnecessary to rule on the question as to whether the order is arbitrary. The Commission being without statutory authority to make an order of this character, the question as to its reasonableness is immaterial.

It accordingly follows from what has been said that a decree should be entered for the plaintiffs, and its terms may be settled after notice.